**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|   |   |
|---|---|
| WANDA FRAZIER, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 17-6631 (ES) (JAD) |
| MORRISTOWN MEMORIAL HOSPITAL; PRESSLER AND PRESSLER, LLP; AND DOES 1-10, | : OPINION |
| Defendants. | : |

**SALAS, DISTRICT JUDGE**

Before the Court are Defendants Pressler and Pressler LLP's ("Pressler" or "P&P LLP") and Morristown Memorial Hospital's (the "Hospital") (collectively, "Defendants") motions to dismiss *pro se* Plaintiff Wanda Frazier's ("Plaintiff") Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (D.E. Nos. 13 & 14). Having considered the parties' submissions, the Court decides the motions without oral argument under Federal Rule of Civil Procedure 78(b). For the reasons below, the Court GRANTS Defendants' motions and dismisses Plaintiff's Complaint *with prejudice*.

**I.    BACKGROUND**

The Court writes primarily for the parties and provides only those facts necessary for its analysis.[1] *Pro se* Plaintiff filed a putative class-action Complaint against Defendants on August 31, 2017. (*See* D.E. No. 1 ("Compl.") at 1, 4-5).[2] Plaintiff alleges that Defendants violated the

---

[1]   The Court must accept Plaintiff's factual allegations as true for purposes of resolving the pending motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bistrian v. Levi*, 696 F.3d 352, 358 n.1 (3d Cir. 2012).

[2]   The Court refers to the ECF-generated page numbers for this document.

1

Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, *et seq.* ("CFA"), and several Pennsylvania consumer-protection statutes in their attempts to collect debt for hospital services provided to Plaintiff's now ex-husband, Ronald Frazier. (*See generally id.*).

The crux of Plaintiff's Complaint is that "Defendants have uniformly engaged in a scheme of illegal and deceptive business practices that violate both federal and state law in attempting to collect hospital debt from Plaintiff, Wanda Frazier by using false information and documentation . . . ." (*Id.* at 1). Plaintiff's Complaint references multiple state-court actions in which the Hospital sought to collect debt from Plaintiff and Mr. Frazier for services rendered to Mr. Frazier on November 4, 2000 and March 17, 2002. (*Id.* at 2, 8).

Specifically, in 2002, the Hospital (represented by Pressler) filed an action against Plaintiff and Mr. Frazier in the Superior Court of New Jersey, under docket number DC-002051-02 (the "Collection Lawsuit") seeking approximately $4,000.00. (*Id.* ¶¶ 37-46; Compl. Ex. A). On December 23, 2002, the state court entered judgment against Plaintiff and Mr. Frazier in the amount of $4,210.25. (D.E. No. 13-1 at 21-25).[3] Plaintiff moved to vacate the Collection Lawsuit judgment on October 12, 2007, but her motion was denied. (*Id.* at 26-33). The judgment against Plaintiff and Mr. Fraizer remains open. (*Id.* at 22).

Defendants collected a portion of the judgment through a wage execution. (Compl. ¶¶ 18, 30, 73, 80; Compl. Exs. D & E). On March 16 and 27, 2017, Pressler mailed a letter to Plaintiff seeking to collect the remainder of the judgment. (Compl. ¶ 49; Compl. Exs. D & E). Each letter contained a disclosure at the bottom of the page: "This communication is from a debt collector.

---

3   The Court refers to the ECF-generated page numbers for this document.

This is an attempt to collect a debt. Any information obtained will be used for that purpose." (Compl. ¶ 49; Compl. Exs. D & E).

Approximately two months after Pressler's March 2017 letters, on May 25, 2017, Plaintiff filed an action against Pressler in the Superior Court of New Jersey, under docket number MRS-DC-003799-17, alleging violation of the FDCPA for Pressler's efforts to collect on the judgment from the Collection Lawsuit (the "Prior FDCPA Action"). (D.E. No. 13-1 at 4-10). In the Prior FDCPA Action, Plaintiff alleged that (i) "[o]n March 6,th, [sic] March 18th, and, March 30, 2017, Plaintiff mailed P&P LLP letters demanding that they fully validate the debt and provide proof of ownership in its attempt to collect the Debt"; and (ii) "[d]espite having received Plaintiff's request to validate debt P&P LLP are still attempting to collect on debt which they have not verified nor validated the debt." (*Id.* at 8). The Prior FDCPA Action was dismissed for failure to state a claim New Jersey Court Rule 4:6-2(e) on July 12, 2017. (*Id.* at 20).

Pressler moved to dismiss Plaintiff's Complaint on February 9, 2018. (D.E. No. 13-2 ("Pressler's Mov. Br.")). The Hospital followed suit on February 21, 2018. (D.E. No. 14-1 ("Hospital's Mov. Br.")). Plaintiff opposed both motions. (D.E. No. 15 ("Pl.'s Opp. Br."); D.E. No. 20 ("Pl.'s Opp. Ltr.")). The Hospital and Pressler replied to Plaintiff's oppositions on March 22 and 23, 2018, respectively. (D.E. No. 22 ("Hospital's Reply Br."); D.E. No. 23 ("Pressler's Reply Br.")). Plaintiff then submitted several sur-replies without leave of Court, which the Hospital requested that the Court disregard. (D.E. Nos. 24-27). This matter is now ripe for resolution.

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(6)

To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

*Pro se* litigants' complaints are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Courts must "apply the relevant legal principle even when the complaint has failed to name it." *Mala v. Crown Bay Marina, Inc*, 704 F.3d 239, 244 (3d Cir. 2013). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* at 245 (citation omitted).

"In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). But a limited exception to conversion exists for "document[s] *integral to or explicitly relied* upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). "The purpose of this rule is to avoid the situation where a plaintiff with a legally deficient claim that is based on a particular document can avoid dismissal of that claim by failing to attach the relied upon document." *Jeffrey Rapaport M.D., P.A. v. Robins S. Weingast & Assocs., Inc.*, 859 F. Supp. 2d 706, 714 (D.N.J. 2012) (citation omitted). "When

allegations contained in a complaint are contradicted by the document it cites, the document controls." *Id.* (citation omitted).

### B. Federal Rule of Civil Procedure 12(b)(1)

In reviewing a Rule 12(b)(1) motion, the Court must first determine whether the "motion presents a 'facial' attack or a 'factual' attack on the claim at issue, because that distinction determines how the pleading must be reviewed." *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014) (citations omitted). Defendants filed their motions to dismiss before they filed any answer to the Complaint or otherwise presented competing facts. (*See* D.E. Nos. 13 & 14). Their motions were "therefore, by definition, a facial attack." *Id.* at 358; *see also Askew v. Church of the Lord Jesus Christ*, 684 F.3d 413, 417 (3d Cir. 2012) ("As the defendants had not answered and the parties had not engaged in discovery, the first motion to dismiss was facial."). "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Constitution Party of Pa.*, 754 F.3d at 358 (citations and internal quotation marks omitted). "Thus, a facial attack calls for a district court to apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6), *i.e.*, construing the alleged facts in favor of the nonmoving party." *Id.* (citation omitted).

## III. DISCUSSION

### A. Pressler's Motion to Dismiss

In support of its motion, Pressler argues in part that Plaintiff already litigated her current claims against Pressler in the Prior FDCPA Action to a final disposition on the merits in the Superior Court of New Jersey, and this federal lawsuit is barred under New Jersey's res judicata and entire controversy doctrines. (Pressler's Mov. Br. at 11-12). The Court agrees.

***Res Judicata.*** "New Jersey res judicata or claim preclusion law,[4] like federal law, has three essential elements: (1) a final judgment on the merits; (2) the prior suit involved the same parties or their privies; and (3) the subsequent suit is based on the same transaction or occurrence." *Smith v. Hillside Vill.*, No. 17-0883, 2018 WL 588923, at *6 (D.N.J. Jan. 26, 2018) (citing *Watkins v. Resorts Int'l Hotel & Casino, Inc.*, 591 A.2d 592, 599 (N.J. 1991) (state law); and *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 983 (3d Cir. 1984) (federal law)). If those three requirements are met, then the doctrine bars "the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen*, 449 U.S. at 94 (citation omitted); *Brown v. Felsen*, 442 U.S. 127, 131 (1979) ("Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.") (citation omitted); *Watkins*, 591 A.2d at 599 ("Claim preclusion applies not only to matters actually determined in an earlier action, but to all relevant matters that could have been so determined.") (citation omitted).

***Entire Controversy Doctrine.*** A "blood relative[]" to res judicata, the entire controversy doctrine is New Jersey's "specific, and idiosyncratic, application of traditional res judicata principles." *Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997). "The entire controversy rule precludes, not just claims actually decided by a prior judgment, but all claims and parties that a party could have joined in a prior case based on the same transaction or occurrence." *Smith v. Hillside Vill.*, 279 F. Supp. 3d 537, 545 (D.N.J. 2017). "There is no requirement that the claim as to which preclusion is sought have been actually asserted in the

---

[4] Whether a state court judgment should have a preclusive effect in a subsequent federal action depends on the law of the state that adjudicated the original action. *See Greenleaf v. Garlock, Inc.*, 174 F.3d 352, 357 (3d Cir. 1999); *see also Allen v. McCurry*, 449 U.S. 90, 96 (1980) ("Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so."). Here, that State is New Jersey.

6

prior action." *Id.* at 546. Rather, the necessary relation between the prior action and the present one is a factual, transactional one:

> In determining whether a subsequent claim should be barred under this doctrine, the central consideration is whether the claims against the different parties arise from related facts or the same transaction or series of transactions. It is the core set of facts that provides the link between distinct claims against the same parties and triggers the requirement that they be determined in one proceeding. There is no requirement that there be a commonality of legal issues.

*Wadeer v. N.J. Mfrs. Ins. Co.*, 110 A.3d 19, 27 (N.J. 2015) (cleaned up). So, the entire controversy doctrine applies in federal court "when there was a previous state-court action involving the same transaction." *Bennun v. Rutgers State Univ.*, 941 F.2d 154, 163 (3d Cir. 1991). In other words, "[i]t extinguishes any subsequent federal-court claim that could and should have been joined in the prior state action." *Smith*, 279 F. Supp. 3d at 546.

"The objectives behind the doctrine are threefold: (1) to encourage the comprehensive and conclusive determination of a legal controversy; (2) to achieve party fairness . . . ; and (3) to promote judicial economy and efficiency by avoiding fragmented, multiple and duplicative litigation." *Mystic Isle Dev. Corp. v. Perskie & Nehmad*, 662 A.2d 523, 529 (N.J. 1995) (citation omitted). "As an equitable doctrine, its application is flexible, with a case-by-case appreciation for fairness to the parties." *Paramount Aviation Corp. v. Agusta*, 178 F.3d 132, 137 (3d Cir. 1999).

*Analysis.* The Court first turns to whether the prior suit involved the same parties or their privies. *Smith*, 2018 WL 588923, at *6. In the Prior FDCPA Action, Plaintiff brought claims against Pressler. (*See* D.E. No. 13-1 at 4-10). Thus, the prior suit involves the same parties for res judicata purposes.

Next, the Court considers whether the prior state action comprised final judgment on the merits. *Smith*, 2018 WL 588923, at *6. The Prior FDCPA Lawsuit resulted in a dismissal for failure to state a claim under New Jersey Rule 4:6-2(e), which is a final judgment on the merits for

7

res judicata purposes. *See Post v. Hartford Ins. Co.*, 501 F.3d 154, 169 (3rd Cir. 2007) ("Dismissal for failure to state a claim is a final judgment on the merits for res judicata purposes."); *Velasquez v. Franz*, 589 A.2d 143, 148 (N.J. 1991) ("Not surprisingly, therefore, a dismissal under Rule 4:6-2(e), New Jersey's analogue to Federal Rule of Civil Procedure 12(b)(6), has also operated as an adjudication on the merits for res judicata purposes") (citations omitted).

Finally, the Court considers whether the instant suit is based on the same transaction or occurrence as Plaintiff's Prior FDCPA Action. *Smith*, 2018 WL 588923, at *6. Whether two causes of action are identical depends, in general, on a consideration of:

> (1) whether the acts complained of and the demand for relief are the same (that is, whether the wrong for which redress is sought is the same in both actions); (2) whether the theory of recovery is the same; (3) whether the witnesses and documents at trial are the same (that is, whether the same evidence necessary to maintain the second action would have been sufficient to support the first); and (4) whether the material facts alleged are the same.

*Athlone Indus., Inc.*, 746 F.2d at 984 (citation omitted).

The Court concludes that the claims in Plaintiff's current Complaint are identical to the Prior FDCPA Action for res judicata purposes. The acts complained of and the theories of recovery in both the Prior FDCPA Action and the matter at hand are the same. In the Prior FDCPA Action, Plaintiff (like in this case) alleged a violation of the FDCPA for Pressler's efforts to collect on the judgment from the Collection Lawsuit. (D.E. No. 13-1 at 4-10; *see generally* Compl.). In that case, Plaintiff alleged (like here) that Pressler's actions violated the FDCPA "by using abusive or deceitful debt collection practices." (D.E. No. 13-1 at 9; Compl. ¶¶ 2, 77-78). And in both cases, Plaintiff seeks statutory damages, attorney's fees and costs, and punitive damages, among others. (D.E. No. 13-1 at 9; Compl. ¶¶ 74, 76). Moreover, the same evidence necessary to maintain Plaintiff's allegations in this action would have been sufficient to support her claims in the Prior FDCPA Action. Put differently, to prove her claims here, Plaintiff would have to present the same

evidence—including testimony and documents—that would have been necessary in the Prior FDCPA Action.

The Court does note, however, that Plaintiff includes new claims in the instant Complaint under the CFA and several Pennsylvania consumer-protection statutes. (Compl. ¶¶ 77-83). But Plaintiff's allegations under these new causes of action are identical to the claims adjudicated in the Prior FDCPA Action. (*See generally* Compl.; D.E. No. 13-1 at 4-10; Compl.). "Simply presenting new allegations is not sufficient to overcome claim preclusion if the thrust of the two complaints remain[s] practically identical." *Zahl v. Warhaftig*, 655 F. App'x 66, 73 (3d Cir. 2016) (internal quotation marks and citations omitted). In other words, a new legal theory "does not make the second case different for purposes of claim preclusion." *Jones v. Lapina*, 450 F. App'x 105, 108-09 (3d Cir. 2011). And Plaintiff does not contend that there were any barriers which prevented her from bringing these claims in the Prior FDCPA Action. Plaintiff's new claims could have and should have been raised in her state action. Plaintiff's attempt to relitigate claims that have resulted in a final judgment therefore fails under New Jersey's claim preclusion jurisprudence. *Cf. Edmundson v. Boro. of Kennett Square*, 4 F.3d 186, 189 (3d Cir. 1993) ("Claim preclusion . . . prohibits reexamination not only of matters actually decided in prior cases, but also those that the parties might have, but did not, assert in that action.").

In opposing Pressler's motion, Plaintiff avers that adding the Hospital (which was not a party to the Prior FDCPA Action) to the instant suit saves her claims from the application of res judicata. (Pl.'s Opp. Br. at 29-31). But failing to include parties who could and should have been named in the prior lawsuit does not preclude Plaintiff's claims from being barred by res judicata. *See Gordon v. E. Orange Veterans Hosp.*, No. 11-4066, 2013 WL 5730496, at *9 (D.N.J. Oct. 22, 2013). Plaintiff knew of the Hospital's involvement before filing the Prior FDCPA Action, yet

she failed to include the Hospital in that action. Again, "[t]he entire controversy rule precludes, not just claims actually decided by a prior judgment, but all claims and parties that a party could have joined in a prior case based on the same transaction or occurrence." *Smith*, 279 F. Supp. at 545. Given these circumstances, the Court finds that Plaintiff could have joined the Hospital in the Prior FDCPA Action and her failure to do so does not bar the application of res judicata now. *See id*.

As for Plaintiff's argument that the March 2017 letters from Pressler comprise new evidence that would prevent the application of res judicata (D.E. No. 24 at 2-7), the Court notes that the March 2017 letters were available as evidence before Plaintiff filed the Prior FDCPA Action on May 25, 2017, and thus are not new evidence restricting application of res judicata. *See Molloy v. Astrue*, No. 08-4801, 2010 WL 421090, at *26 n.31 (D.N.J. Feb. 1, 2010) ("[B]ecause there is nothing particularly new in [Plaintiff's] testimony that is not already in the record, this additional evidence is less convincing as an argument against res judicata."). Accordingly, Plaintiff's allegations against Pressler, all of which occurred prior to the filing of the Prior FDCPA Lawsuit, are barred by the doctrine of res judicata.

Asking this Court to determine, based on the same evidence as was before the New Jersey Superior Court, whether Pressler violated the FDCPA would require a federal court to question the final judgment of a state court. The Full Faith and Credit Clause of the Federal Constitution, codified in statute, requires that federal courts give "full faith and credit" to the judgments of state courts. U.S. Const. art. IV, § 1; 28 U.S.C. § 1738. Accordingly, Pressler's motion is granted and Plaintiff's claims against Pressler are dismissed *with prejudice*.

### B. The Hospital's Motion to Dismiss

The Hospital argues that Plaintiff's claims under the FDCPA are time barred, and, in any event, the Court lacks federal-question jurisdiction because the FDCPA does not apply to the Hospital. (Hospital's Mov. Br. at 5-6, 8-10). Specifically, the Hospital argues that it cannot be liable under the statute because it is not a "debt collector" as defined in the FDCPA. (*Id.* at 8). Even assuming that it is a debt collector, and therefore subject to FDCPA liability, the Hospital contends that Plaintiff's factual allegations fail to state a claim under Rule 12(b)(6). (*Id.* at 2-5).

*FDCPA.* The FDCPA is a remedial statute geared towards eliminating abusive practices by debt collectors. 15 U.S.C. § 1692k; *see also Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006) (describing the FDCPA's legislative history and general application). "To prevail on an FDCPA claim, a plaintiff must prove that (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the [FDCPA] defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *St. Pierre v. Retrieval-Masters Creditors Bureau, Inc.*, No. 17-1731, 2018 WL 3733860, at *3 (3d Cir. Aug. 7, 2018) (citation omitted).

The FDCPA applies only to "debt collectors," defined as any person: (i) "who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts"; or (ii) "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *Tepper v. Amos Fin., LLC*, No. 17-2851, 2018 WL 3733862, at *1 (3d Cir. Aug. 7, 2018) (citations omitted); 15 U.S.C. § 1692a(6). "Specifically excluded from the definition's reach are, in relevant part, a creditor's officers and employees collecting debts for the creditor, a company collecting debts only for its non-debt-collector sister company, an entity collecting a debt it originated, and one collecting a

11

debt it obtained that was not in default at the time of purchase." *Id.* (citing 15 U.S.C. § 1692a(6)(A), (B), (F)).

*Analysis.* The FDCPA has a one-year initiation period. *See* 15 U.S.C. § 1692k(d) ("An action to enforce any liability created by [the FDCPA] may be brought . . . within one year from the date on which the violation occurs."). Plaintiff appears to allege that Defendants (i) "us[ed] false information and documentation" (i.e., allegedly false medical statements) to collect a debt; and (ii) "routinely and conspiratorially participate and engage in the initiation and perpetuation of attempts to collect debt from and against persons the documentation for which is knowingly false, non-existent, or otherwise not available to substantiate the cause(s) of action asserted in attempting to collect alleged debt obligations, and the categories sought to be collected under [the Collection Lawsuit]." (Compl. ¶¶ 2-5). Holding *pro se* Plaintiff's Complaint to less stringent standards and giving Plaintiff every favorable inference, the only allegations against the Hospital appear to relate to allegedly false medical statements from 2000 and 2002. (*See id.* ¶¶ 7-8, 11, 39, 45-46, 80; *see also* Compl. Ex. A). So, even assuming that the FDCPA applies to the Hospital,[5] Plaintiff's time to file a claim under the FDCPA expired in 2003, at the latest. Plaintiff's FDCPA claims against the Hospital therefore are time-barred and must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motions to dismiss and Plaintiff's Complaint is dismissed *with prejudice*. Given that Plaintiff's federal FDCPA claims

---

[5] Plaintiff alleges that the Hospital is a "debt collector," as the term is defined by the FDCPA. (Compl. ¶ 22). But the Complaint fails to provide any factual support for this claim. *Cf. Slate v. D.C.*, 79 F. Supp. 3d 225, 232 (D.D.C. 2015) ("FDCPA does not apply to creditors who collect their own debts; FDCPA applies only to debt collectors who collect debts owed to another.") (citation omitted). To survive the Hospital's motion, Plaintiff's Complaint must contain sufficient factual matter, which the Court will accept as true, to state a claim for relief that is "plausible on its face." *Twombly*, 550 U.S. at 570. The Court need not, however, accept as true the asserted bald legal conclusion that the Hospital is a "debt collector" as defined by the FDCPA. *See Iqbal*, 556 U.S. at 678.

12

have been dismissed, the Court declines to address the merits of Plaintiff's state law claims.[6] An appropriate Order accompanies this Opinion.[7]

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**

---

[6] *See Bland v. Aviles*, No. 11-1742, 2012 WL 137783, at *7 (D.N.J. Jan. 18, 2012) ("Where the federal claims are dismissed at an early stage in the litigation, courts generally decline to exercise supplemental jurisdiction over state claims.") (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *Growth Horizons, Inc. v. Delaware Cty., Pa.*, 983 F.2d 1277, 1284 (3d Cir. 1993)).

[7] In light of this ruling, the Court need not address the parties' alternative arguments.